# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DERRICK SANDERS,**
     **Plaintiff,**

    v.                                                                          Case No. 21-C-0473

**DEJA VISHNY and
WISCONSIN STATE PUBLIC
DEFENDER'S OFFICE,**
     **Defendants.**

---

## DECISION AND ORDER

In 1996, plaintiff Derrick Sanders pleaded no contest to a charge of first-degree intentional homicide as party to the crime and was sentenced to life imprisonment. At the time, he was represented by Deja Vishny, a staff attorney in the Wisconsin public defender's office. In 2017, Sanders filed a postconviction motion to withdraw his no-contest plea, which a state court granted. Later, a Wisconsin claims board found by clear and convincing evidence that Sanders was innocent of the crime. Sanders now brings this action under the diversity jurisdiction for legal malpractice against Vishny and the public defender's office, alleging that Vishny was negligent in advising him to plead no contest. Before me now is the defendants' motion to dismiss the complaint.

## I. BACKGROUND

According to the allegations of the complaint, which I accept as true for purposes of the motion to dismiss, in the early 1990s, the State of Wisconsin charged three men—Anthony Boddie, John Peavy, and Sanders—with the murder of Jason Bowie as party to the crime. Sanders had been with Bowie, Boddie, and Peavy on the night Bowie was killed and had participated in an altercation between Boddie and Bowie. When Sanders

left the other men, Bowie was still alive. Later that evening, Boddie took Bowie to a different location and shot him to death. Sanders did not know that Boddie intended to kill Bowie and did not participate in the planning or execution of the murder. However, Boddie told the police that Sanders had committed the murder.

On September 7, 1993, Sanders pleaded no contest to first-degree intentional homicide. At the time, Sanders was not represented by defendant Vishny; he was represented by a different public defender who advised him that he would likely receive a sentence under which he could be paroled within 8 to 13 years. But in October of that year, the court sentenced Sanders to life imprisonment without the possibility of parole until January 1, 2015. Sanders immediately sought postconviction relief, arguing that he did not understand the potential punishment for the charge. In December 1995, the Wisconsin Court of Appeals found that Sanders' plea was not entered knowingly and intelligently. The court vacated his conviction and remanded the case for further proceedings.

On remand, defendant Vishny, a staff attorney in the Wisconsin public defender's office,[1] was appointed to represent Sanders. Vishny advised Sanders to again plead no contest, to enter a plea agreement with the prosecutor for the same sentence, and to forego his right to present exculpatory evidence, including evidence that Boddie had recently recanted his accusations against Sanders and admitted to being the real killer.

---

[1] Although the complaint does not expressly allege that Vishny was a staff attorney, I understand the complaint's allegation that Vishny was employed by the public defender's office to mean that she was a staff attorney rather than a private attorney who accepted public-defender assignments. *See* Compl. ¶¶ 44–45.

2

Based on Vishny's advice, on April 22, 1996, Sanders again pleaded no contest. The court again imposed a sentence of life imprisonment with no possibility of parole until January 1, 2015.

More than 20 years later, while he was still in prison, Sanders filed a pro se postconviction motion to withdraw his no contest plea. In August 2018, the Circuit Court for Milwaukee County granted the motion, finding that Vishny had rendered deficient performance in advising Sanders to plead no contest. In September 2018, Sanders was released from prison after having served a term of more than 22 years. On February 12, 2020, the State of Wisconsin Claims Board unanimously found, by clear and convincing evidence, that Sanders was innocent of the charge.

Sanders, who is now domiciled in Texas, brings this action for legal malpractice under the diversity jurisdiction against Vishny, who is domiciled in Wisconsin, and the public defender's office. The defendants have filed a motion to dismiss the complaint. They contend that the claim for legal malpractice against Vishny must be dismissed because Vishny was acting as a state employee during her representation of Sanders and Sanders did not strictly comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82, before he commenced this suit. Specifically, the defendants contend that, although Sanders attempted to comply with the statute, he did not strictly comply because, as alleged in the complaint (¶ 34), he served the notice on the Milwaukee City Clerk and Milwaukee County Clerk rather than on the Wisconsin Attorney General as required by Wis. Stat. § 893.82(5). The defendants further contend that the claims against the public defender's office must be dismissed because, as an agency of the State of Wisconsin, it is immune from a suit for damages. In his response to the motion to dismiss,

3

Sanders concedes that his claim against the public defender's office must be dismissed. Br. in Opp. at 14 n.2. However, he contends that his claim against Vishny may proceed because a claim against a public defender is not subject to the notice-of-claim statute and that, even if it is, he substantially complied with the statute's requirements.

## II. DISCUSSION

The Wisconsin Supreme Court has described the notice-of-claim statute, Wis. Stat. § 893.82 as both "jurisdictional" and "a condition precedent to the right to maintain an action." *Ibrahim v. Samore*, 118 Wis. 2d 720, 726 (1984). However, because the statute does not define the limits of federal subject-matter jurisdiction, I do not treat the defendants' motion to dismiss as one under Federal Rule of Civil Procedure 12(b)(1). Instead, because "[a] complaint that fails to show compliance with § 893.82 fails to state a claim upon which relief can be granted," *Weinberger v. State of Wis.*, 105 F.3d 1182, 1188 (1997), I construe the motion as being brought under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), the issue is whether the complaint adequately pleads compliance with the notice-of-claim statute.[2]

---

[2] Under Rule 12(b)(6), a court may not consider matters outside the pleadings without converting the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). Along with his brief in opposition to the motion to dismiss, Sanders submitted a declaration in which he describes his efforts to comply with the notice-of-claim statute and attaches the actual notice he submitted to the city and county clerks and letters he sent to Vishny. *See* ECF No. 11-1. Although I may not consider these materials for purposes of deciding the motion under Rule 12(b)(6), I have considered them for purposes of determining whether to grant Sanders leave to file an amended complaint that incorporates the materials. However, as explained in the text, these materials would not change the outcome of the motion to dismiss because they do not show that Sanders strictly complied with the notice-of-claim statute. Thus, granting leave to amend would be futile. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 346–47 (7th Cir. 2018) (when dismissing complaint under Rule 12b)(6), district court should grant leave to amend unless granting such leave would be futile).

The statute provides that "[n]o claimant may bring an action against a state officer, employee or agent unless the claimant complies strictly with the requirements of this section." Wis. Stat. § 893.82(2m). It then states in relevant part that

> no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved.

*Id.* § 893.82(3). Finally, the statute provides that the required notice "shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the capitol or at the department of justice by personal service or by certified mail." *Id.* § 893.82(5). As stated in the statute, the purposes of requiring a claimant to give notice of a claim are: (1) to "[p]rovide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state"; and (2) to "[p]rovide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding." *Id.* § 893.82(1)(a)–(b).

In the present case, the plaintiff's complaint pleads that he "served a notice of claim upon the Milwaukee County Clerk and the Milwaukee City Clerk." Compl. ¶ 34. The plaintiff admits in his brief that he did not serve the attorney general. Br. in Opp. at 12. Thus, it is undisputed that the plaintiff did not strictly comply with the statute. However, the plaintiff contends that, for two reasons, this is not fatal to his claim: (1) the notice-of-claim statute does not apply to a claim for legal malpractice against a state public

5

defender, and (2) even if it does, he substantially complied with the statute's requirements.

The plaintiff contends that the notice-of-claim statute does not apply to his claim because a state public defender is not a "state officer, employee, or agent" within the meaning of the statute. He points to § 893.82(2)(d), which states that, for purposes of the notice-of-claim statute,

> "State officer, employee or agent" includes any of the following persons:
>
> 1. An officer, employee or agent of any nonprofit corporation operating a museum under a lease agreement with the state historical society.
>
> 1m. A volunteer health care provider who provides services under s. 146.89, except a volunteer health care provider described in s. 146.89(5)(a), for the provision of those services.
>
> 1n. A practitioner who provides services under s. 257.03 and a health care facility on whose behalf services are provided under s. 257.04, for the provision of those services.
>
> 1r. A physician under s. 251.07 or 252.04(9)(b).
>
> 2. A member of a local emergency planning committee appointed by a county board under s. 59.54(8)(a).
>
> 3. A member of the board of governors created under s. 619.04(3), a member of a committee or subcommittee of that board of governors, a member of the injured patients and families compensation fund peer review council created under s. 655.275(2), and a person consulting with that council under s. 655.275(5)(b).

The plaintiff contends that, because a state public defender is not one of the persons identified after the word "includes," he or she is not a "state officer, employee or agent" for purposes of the statute. The plaintiff contends that this interpretation is supported by two additional considerations: (1) the public defender, rather than the attorney general, is by default the officer designated by state statute to represent members of his or her staff in litigation arising out of their official duties, *see* Wis. Stat. § 977.05(4)(k); and (2) the

6

Supreme Court of the United States has held that public defenders do not act under color of state law for purposes of liability under 42 U.S.C. § 1983, *see Polk County v. Dodson*, 454 U.S. 312 (1981).

A federal court sitting in diversity must apply the law of the state in which it sits, as that law would be interpreted by the state's highest court. *See, e.g., Smith v. RecordQuest, LLC*, 989 F.3d 513, 517 (7th Cir. 2021). The Wisconsin Supreme Court has not decided a case in which the question presented was whether the state public defender is a state officer, employee, or agent for purposes of the notice-of-claim statute. However, "[i]n the absence of guiding decisions by the state's highest court, [federal courts] consult and follow the decisions of intermediate appellate courts unless there is a convincing reason to predict the state's highest court would disagree." *Id.* at 517 (quoting *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012)). Here, the Wisconsin Court of Appeals, albeit in an unpublished decision, determined that, for purposes of the notice-of-claim statute, a state public defender acts "within the scope of his employment by the state" when he represents a criminal defendant. *See Evers v. Dally*, 195 Wis. 2d 86, 1995 WL 251938, at *1 (Ct. App. 1995). I must follow this decision unless there is a convincing reason to predict that the state's highest court would disagree. As explained below, the plaintiff has not provided a convincing reason to predict that the Wisconsin Supreme Court would reach a different conclusion than the court of appeals in *Evers*. To the contrary, I am convinced that the Wisconsin Supreme Court would hold that a staff attorney in the public defender's office is a "state officer, employee or agent" for purposes of § 893.82.

7

The plaintiff's argument presents a question of statutory interpretation. Under Wisconsin law, "the purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane County*, 271 Wis. 2d 633, 662 (2004). To do this, the court begins with the plain language of the statute, stopping its inquiry there if the meaning of the statute is clear. *Id.* at 663. When interpreting the language of a statute, the court gives words their "common, ordinary, and accepted meaning." *Id.*

Here, the plaintiff contends that the notice-of-claim statute defines "state officer, employee or agent" to mean only those persons explicitly identified in § 893.82(2)(d). However, the plain language of the statute makes clear that this provision is not a comprehensive definition of "state officer, employee or agent." Instead, it is a provision confirming that certain nontraditional or nonobvious state employees are intended to be included within the meaning of that phrase. This is evident from the use of the word "includes" rather than "means." The Wisconsin Supreme Court has held that, "[w]hen utilized in statutory definitions, 'means' is a term indicating limitation or completeness, whereas 'includes' is a term indicating partiality and expansiveness." *In re Chezron M.*, 281 Wis. 2d 685, 698 (2005). Thus, the court has advised that, "[g]enerally, the word 'includes' is to be given an expansive meaning, indicating that which follows is but a part of the whole." *Id.* Further, the court has observed that, "[w]hile courts may sometimes read the word 'includes' as a term of limitation or enumeration under the doctrine of *expressio unius est exclusio alterius*, there must be some textual evidence that the legislature intended this doctrine to apply." *Id.*

8

In the notice-of-claim statute, there is no textual evidence that the legislature intended the word "includes" to serve as a term of limitation. To begin with, understanding the term as limiting the definition of "state officer, employee or agent" would produce the absurd result that nearly every officer, employee, and agent of the State of Wisconsin is not a state officer, employee, or agent for purposes of the notice-of-claim statute. The enumerated definitions relate to obscure positions such as employees of nonprofit corporations operating a museum under a lease agreement with the state historical society, Wis. Stat. § 893.82(2)(d)1., and members of local emergency planning committees that oversee responses to hazardous chemical spills, *id.* § 893.82(2)(d)2. Under the plaintiff's interpretation, persons routinely treated as state employees, such as the faculty of state universities, would not be "state officers, employees or agents." *See Ibrahim*, 118 Wis. 2d at 722 (holding claim against state university faculty member barred by failure to comply with notice-of-claim statute). Nothing in the text of the statute suggests that the legislature intended this result. Moreover, other parts of the notice-of-claim statute confirm that the legislature used "includes" expansively. Specifically, § 893.82(2)(a) of the statute provides that the phrase "civil action or civil proceeding" "*includes* a civil action or civil proceeding commenced or continued by counterclaim, cross claim or 3rd-party complaint." (Emphasis added). If, as the plaintiff contends, "includes" was intended as a term of limitation, then the notice-of-claim statute would not require notice of claims initiated by the filing of a complaint. But because almost every civil proceeding is initiated by the filing of a complaint, this would be an absurd result that the legislature could not have intended.

9

Case 2:21-cv-00473-LA   Filed 09/28/21   Page 9 of 14   Document 15

Notably, the plaintiff does not contend that the plain meaning of the phrase "state officer, employee or agent," standing alone, does not encompass a state public defender. Further, the Wisconsin Statutes provide that "[t]he state public defender and staff attorney positions in the office of the state public defender" are part of the civil service of the state. Wis. Stat. § 230.08(2)(q). And, in a case involving a claim for legal malpractice against a public defender, the Wisconsin Supreme Court observed that the defendant was being represented by the state attorney general "[b]ecause public defenders are state employees." *Skindzelewski v. Smith*, 392 Wis. 2d 117, 123 n.4 (2020). Thus, because staff attorneys in the public defender's office are state employees, and because § 893.82(2)(d) does not use the word "includes" restrictively, I conclude that a staff attorney in the public defender's office is a "state officer, employee or agent" for purposes of § 893.82.

The plaintiff advances two non-textual arguments in support of his interpretation of the statute. First, he contends that because the Wisconsin Statutes place primary responsibility for representing public defenders in litigation on the public defender's office rather than on the attorney general, serving notice on the attorney general would not further the purposes of the statute. The plaintiff points to Wis. Stat. § 977.05(4), which defines the duties of the state public defender. It states that the public defender shall "[r]epresent members of the staff of the office of the state public defender who are named as defendants in lawsuits arising from their duties within the office." Wis. Stat. § 977.05(4)(k). This same provision adds that "[t]he attorney general may also, if appropriate, represent such staff members in such litigation." *Id.*

I do not find the plaintiff's argument convincing. As I have explained, the plain language of § 893.82 is clear: public defenders are "state officers, employees or agents" and therefore within the scope of the notice-of-claim statute. Nothing in the statute defining the duties of the public defender conflicts with this textual interpretation of § 893.82. Under Wisconsin law, that is the end of the matter. *See Kalal*, 271 Wis. 2d at 662 (when text of statute is clear, court does not resort to other tools of construction). In any event, requiring service of a notice of claim on the attorney general makes sense even though the public defender is the officer primarily responsible for representing staff members who are sued. As noted, § 977.05(4)(k) provides that the attorney general may represent the public defender in appropriate cases, and thus providing notice to the attorney general fulfills the statutory purpose of allowing the attorney general an opportunity to investigate and try to settle the claim. Moreover, even if the public defender ultimately represents the staff member *after* suit is filed, the statutory purpose is fulfilled by providing the attorney general with an opportunity to attempt to settle the claim *before* the suit is commenced. *See* Wis. Stat. § 893.82(1)(b) (stating that one purpose of the statute is to provide the attorney general with an opportunity "to effect a compromise without a civil action or civil proceeding").[3]

---

[3] The plaintiff has asked for permission to conduct discovery on the question of "whether in fact the attorney general processes and/or resolves claims on behalf of public defenders pursuant to Wis. Stat. § 893.82." Br. in Opp. at 11. I will not allow this discovery because the terms of the statute are unambiguous and therefore I may not consider extrinsic evidence of the statute's meaning. *See Kalal*, 271 Wis. 2d at 663–64. In any event, the attorney general's practices are not evidence of *legislative* intent, and so even if the statute were ambiguous, the proposed discovery would not be relevant

The plaintiff's remaining argument is based on the U.S. Supreme Court's decision in *Polk County v. Dodson*, 454 U.S. 312 (1981), which holds that public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when they serve as counsel to indigent criminal defendants. The plaintiff notes that, in *Dodson*, the Court stressed that when a public defender represents a criminal defendant, he or she acts as the state's adversary and therefore cannot be deemed to be acting under color of the state's laws. 454 U.S. at 320. The plaintiff contends that, in light of the Supreme Court's observations about the functions of a public defender, "it makes little sense for the attorney general, who is adverse to and maintains no oversight or control over the public defender's actions, to be responsible for receiving and investigating claims against a public defender for his role advocating against the State." Br. in Opp. at 10.

The problem with this line of argument is that the public defender is not advocating against the state when he or she is the target of a claim for legal malpractice. At that point, the public defender's interests are adverse to the former client's. Moreover, because the state is required to defend and indemnify its employees for judgments arising out of the scope of their employment, *see* Wis. Stat. § 895.46(1)(a), the public defender's interests align with the state's once the client decides to bring a malpractice claim. Thus, contrary to the plaintiff's argument, it makes complete sense for the attorney general to be responsible for receiving and investigating claims against a public defender arising out of the public defender's role as an advocate against the state.

Having concluded that the notice-of-claim statute applies to claims for malpractice against a staff attorney in the public defender's office, I turn to the plaintiff's claim based on substantial compliance. Here, he claims that he prepared a notice that complied in all

12

respects with Wis. Stat. § 893.82 but simply failed to serve it on the proper party—he served it on the municipal clerks for the City and County of Milwaukee rather than on the attorney general. For purposes of evaluating this argument, I will assume without deciding that the plaintiff's notice would have satisfied the statute's requirements if he had served it on the attorney general.[4] I will further assume that Sanders substantially complied with the statute's requirements.[5] Even so, because Wisconsin requires strict compliance with all requirements of the notice-of-claim statute, his claim must be dismissed.

The notice-of-claim statute plainly states that no action may be brought against a state officer, employee, or agent "unless the claimant complies strictly with the requirements of this section." Wis. Stat. § 893.82(2m). The Wisconsin Supreme Court has repeatedly confirmed that strict, rather than substantial, compliance with § 893.82 is required. *Sorenson v. Batchelder*, 368 Wis. 2d 140, 149–54 (2016); *Riccitelli v. Broekhuizen*, 227 Wis. 2d 100, 116 (1999); *Kellner v. Christian*, 197 Wis. 2d 183, 194–96 (1995). And the Seventh Circuit, in cases governed by Wisconsin law, likewise has confirmed that strict compliance is required and that no exceptions or excuses are

---

[4] The complaint does not plead any facts about the notice of claim other than that Sanders served it on the city and county clerks and received no response. Compl. ¶ 34. However, the plaintiff has attached the actual notice of claim to his response to the motion to dismiss. *See* ECF No. 11-1. I express no view on whether the notice of claim would have complied with the statute if it had been served on the attorney general rather than the municipal clerks for, as I explain in the text, the failure to serve the attorney general is fatal.

[5] However, I note that it is difficult to describe Sanders' service on the municipal clerks rather than the attorney general as substantial compliance. In this context, substantial compliance would mean that the attorney general received actual pre-suit notice of the claim despite the plaintiff's failure to strictly comply with the statute. But the plaintiff does not claim that, despite his failure to serve the attorney general, the attorney general received actual pre-suit notice of his claim.

13

recognized. *Weinberger*, 105 F.3d at 1188 (stating that "[t]here is no equitable basis for partial or 'substantial' compliance" with Wisconsin's notice-of-claim statute); *see also Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021); *Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010). Sanders makes no attempt to distinguish these authorities; he simply asks that, based on the equities of his circumstances, I deem substantial compliance sufficient. Because Sanders' request is contrary to well-established law, I must reject it and dismiss his complaint.[6]

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motion to dismiss the complaint is **GRANTED** and the plaintiff's complaint is dismissed on the merits. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2021.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge

---

[6] The parties do not indicate whether they think the dismissal should be with or without prejudice. However, because it is now too late for Sanders to strictly comply with the notice-of-claim statute, I will dismiss the complaint with prejudice. *See Leavell v. Ill. Dep't of Natural Res.*, 600 F.3d 798, 807 (7th Cir. 2010) (dismissal for failure to satisfy condition precedent is a decision on the merits when the party is permanently foreclosed from fulfilling the condition).